IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RANDY W. BETSCH,   }
                  }
    Plaintiff     }
                  }           CIVIL ACTION NO.
    vs.           }
                  }           98-AR-373-S
ALABAMA EYE BANK, INC., ET }
AL.,              }
                  }
    Defendants   }

**MEMORANDUM OPINION**

Presently before the are two motions in the above-entitled action. Defendant, Doyce Williams ("Williams"), has filed a motion for summary judgment, seeking judgment as a matter of law on the only claim pending against him: intentional interference with business or contractual relations. Plaintiff, Randy Betsch ("Betsch"), has filed a motion for leave to complete discovery before being required to Williams' statement of undisputed facts. For the reasons set forth herein, defendant's motion for summary judgment is due to be GRANTED and plaintiff's motion is MOOT.

**Background**

Betsch began employment with defendant Alabama Eye Bank ("AEB") in 1983, serving as its vice president of operations from 1989 through 1996. Williams, as executive director of the AEB, served as Betsch's supervisor. In September of 1995, Betsch contends that the office

1

manager of the AEB informed him that she was resigning from her position because of unlawful sexual advances and behavior on the part of Williams. Betsch claims that he reported this allegation to then Chairman of the Board of Trustees, William Burrus ("Burrus") shortly thereafter. In August of 1996, Betsch discussed the allegations against Williams with Wray Pearce ("Pearce"), who had replaced Burrus as Chairman of the Board of Trustees. On September 19, 1996, Betsch, Williams, Pearce, and two other members of the Board of Trustees met to discuss the allegations. On October 14, 1996, Betsch was notified that the Board of Trustees had voted to eliminate his position with the AEB. He was officially terminated December 6, 1996. Both defendants contend that Betsch's position was eliminated as a result of "downsizing" occurring at the AEB.

Betsch contends that he was terminated in retaliation for his opposition to Williams' alleged unlawful sexual advances and behavior. His complaint seeks recovery against AEB for retaliation in violation of Title VII of the Civil Rights Act of 1964. Betsch also claims that Williams and certain unknown defendants suppressed an investigation into the alleged misconduct. Betsch seeks recovery against these defendants for intentional interference with a business or contractual relationship. Lastly, Betsch contends that the AEB ratified and adopted the unlawful acts of interference because it failed to investigate information that suggested a "cover-up." Only the intentional interference with business or contractual relationships claim is at issue in Williams' motion.

2

**Discussion**

In *Gross v. Lowder Realty Better Homes & Gardens*, 494 So.2d 590, 597 (Ala. 1986), the Alabama Supreme Court combined the previously separate torts of intentional interference with business relationships and intentional interference with contractual relationships into one cause of action. As articulated in *Gross* and affirmed in subsequent cases, the required elements for this cause of action are: (1) the existence of a contract or business relationship; (2) defendant's knowledge of the relationship; (3) intentional interference by the defendant with that relationship; (4) the absence of justification for the interference; (5) and damage to the plaintiff as a result.[1] In *Hickman v. Winston County Hospital*, 508 So.2d 237 (Ala. 1987), the Alabama Supreme Court recognized that an employee could be liable for tortious interference with a contractual or business relationship to which his or her employer is a party if, and only if, that employee was (1) acting outside the scope of his or her employment and (2) acting with actual malice. As a consequence, when a plaintiff sues a supervisor or corporate officer for intentional interference with a business relationship between the plaintiff and the corporation, the plaintiff must satisfy six required elements -- the four articulated in *Gross* and the two additional elements of malice and acts outside the scope of employment. *Hanson v. New Technology, Inc.* 594 So.2d 96, 102 (Ala. 1992) (quoting *Perlman v. Shurett*, 567 So.2d 1296, 1298-99 (Ala.

---

[1] Because Betsch concedes that he was an at-will employee of AEB with no contract for a term of employment, it is noteworthy that the first element does not require the existence of a contract.

3

1990)).

Notwithstanding Williams' arguments, the recognition of an at-will employee's cause of action for interference with business or contractual relationship against his or her supervisor is consistent with Alabama's staunch adherence to the doctrine of employment at-will.[2]  Though not explicitly stated, the case of *Hanson v. New Technology, Inc.* makes clear that an at-will employee can prevail against a supervisor on a claim of intentional interference with contractual or business relationships, provided that all required elements were satisfied.  The *Hanson* plaintiff failed because of an inability to demonstrate all required elements, not because the cause of action did not exist in the context of at-will employment.

Like the plaintiff in *Hanson*, Betsch has failed to make a sufficient showing of all required elements in his claim for intentional interference with business or contractual relationships. Betsch clearly had a business relationship with AEB of which Williams was aware; Williams has submitted no evidence indicating that justification existed for Williams' alleged intentional interference; and Betsch clearly suffered damage as a result of the alleged intentional interference.  Betsch fails, however, to submit evidence in support of the remaining required elements: that Williams'

---

[2] Due to the requirement that the supervisor be acting outside the scope of his or her employment and with malice, the supervisor in this instance is not an agent of the corporation.  Intentional interference with business relationships does not involve the employer. Its freedom to terminate the employee for any reason whatsoever, within the bounds of the law, remains intact.

interference was intentional, that he acted outside the scope of his employment in committing the act or acts constituting interference, and that he acted with malice.

The court is aware of Betsch's motion for leave to complete discovery, but finds the motion moot. In his brief in opposition to Williams' motion, Betsch indicates his willingness to submit to the "undisputed" facts stated in Williams' motion, subject to Betsch's modification. ("Plaintiff respectfully submits that defendant Williams' arguments on this motion are primarily legal as opposed to factual arguments, and *the court can decide Williams' motion based on the agreed to and modified facts stated by plaintiff*." (plaintiff's brief in opposition, pg. 3 (emphasis added)). Betsch sees the only real issue raised by defendant's motion as one of law -- namely Williams' argument that at-will employees cannot recover against an immediate supervisor for intentional interference with business relationships. Betsch apparently believes all that is required in order to survive summary judgment is a rebuttal of Williams' legal argument.[3] In this respect, Betsch was wrong.

To overcome a motion for summary judgment, the non-movant cannot rest on its pleadings but must present some evidence indicating an existence of genuine issue as to a material fact. Betsch not only

---

[3] That this appeared to be plaintiff's strategy is supported by footnote 2, which states "Williams is not asserting as a basis for his motion absence of malice or acts within the scope of his employment." Plaintiff apparently assumed he had no obligation to put forth evidence indicating that Williams acted outside the scope of his employment and with malice if Williams did not challenge the plaintiff's case in this respect.

5

fails to present any evidence to suggest that the required elements of this cause of action exist, but did not even present arguments to that effect in his brief in opposition. Nowhere does his brief state that Williams had interfered intentionally, acted outside the scope of his employment, and acted with malice.[4] By choosing not to submit any evidence or argument in opposition to Williams' motion, Betsch opened the door for Williams to point out the absence of any evidence to suggest that he was acting with malice or outside the scope of his employment. Even when Williams made this contention in his reply brief, (reply brief, pp. 5-6), Betsch chose not to make arguments or submit evidence that would create a genuine issue of fact.

The court realizes, in fairness to plaintiff, that he had requested leave to complete discovery and that his request had not yet been granted . . . but his request had also not been *denied*. As evidenced by the filing of several subsequent motions relating to discovery, the parties did not place discovery "on hold" in light of Williams' pending summary judgment motion. At any time, Betsch could have requested leave to file supporting evidentiary materials. He has never made such a request. Indeed, the fact that his brief does not even make the argument that Williams interfered intentionally, acted outside the scope of employment, and with malice suggests that plaintiff feels the court will *assume* the basic elements of his cause of action and conclude that Williams is not entitled to judgment as a

---

[4] This is not to suggest that mere arguments in brief are enough to overcome a motion for summary judgment.

6

matter of law.  The court is unwilling to do so.

Because plaintiff fails to present a scintilla of evidence or argument indicating the existence of a *prima facia* case, Williams is entitled to judgment as a matter of law.  An appropriate order granting Williams' motion for summary judgment and dismissing the action against him will be separately entered.

DONE this 30th day of November, 1998.

```
                              /s/ William M. Acker
                              _____
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE
```